J-S20044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IGNACIO PERALTA-AGRAMONTE | : | |
| | : | |
| Appellant | : | No. 1684 MDA 2024 |

Appeal from the Judgment of Sentence Entered October 10, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003008-2023

BEFORE: OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: JUNE 26, 2025**

Appellant, Ignacio Peralta-Agramonte, appeals from the judgment of
sentence of 25 to 50 years' incarceration, imposed after he entered a
negotiated guilty plea to third-degree murder (18 Pa.C.S. § 2502(c)), and two
counts of possession of an instrument of crime (PIC) (18 Pa.C.S. § 907(b)).
On appeal, Appellant seeks to challenge his sentence. Additionally,
Appellant's counsel, William C. Bispels, Esq., seeks to withdraw his
representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738
(1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After
careful review, we affirm Appellant's judgment of sentence and grant counsel's
petition to withdraw.

The facts underlying Appellant's case are not germane to our disposition
of his appeal. We only briefly note that Appellant was arrested and charged
with the above-stated offenses, including first-degree murder, aggravated

assault, and recklessly endangering another person, based on evidence that he shot and killed his wife. On October 10, 2024, Appellant entered a negotiated guilty plea to third-degree murder and PIC, with all other charges being dismissed. The written plea agreement clearly set forth the three counts to which Appellant was pleading guilty and listed the agreed-upon sentences for each count, which totaled 25 to 50 years' incarceration. ***See*** Plea Agreement, 10/10/24, at 1 (unnumbered). Appellant signed his name at the bottom of the page setting forth this information, as well as at the bottom of each of the remaining pages of the written plea colloquy. ***See id.*** at 1-4. In accordance with the plea agreement, the court sentenced Appellant that same day to 25 to 50 years' incarceration.

Appellant did not file a post-sentence motion. On November 8, 2024, he filed a *pro se* notice of appeal, erroneously stating he was sentenced to 20 to 40 years' incarceration following an "open guilty plea." Notice of Appeal, 11/8/24, at 1 (single page).[1] On November 19, 2024, Appellant's counsel

---

[1] We note that on November 12, 2024, and December 2, 2024, the trial court filed "Amended Sentencing Orders." In the first order, the court checked the box stating, "The defendant is eligible to participate in a reentry plan[.]" Amended Sentence Order, 11/12/24, at 1 (single page). In the second order, the court removed the checkmark next to that box, and instead checked the box stating, "If applicable the 12 month reentry supervisory period is ordered pursuant to 61 [Pa.C.S. §] 6137.2[.]" Amended Sentence Order, 12/2/24, at 1 (single page). We presume that the trial court issued these amended sentencing orders in an attempt to conform with section 6137.2, which provides that any person sentenced to "an aggregate minimum sentence of total confinement … of four years or more … shall be sentenced to a period of reentry supervision of 12 months consecutive to and in addition to any other
*(Footnote Continued Next Page)*

filed a petition to withdraw, which was granted. Attorney Bispels subsequently entered his appearance on Appellant's behalf. When the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, Attorney Bispels filed a Rule 1925(c)(4) statement of his intent to file a petition to withdraw and *Anders* brief, as he could discern no, non-frivolous issues to raise on appeal. On January 7, 2025, the trial court issued a "Statement in Lieu of Opinion and Order," agreeing with Attorney Bispels that Appellant's appeal is frivolous.

On March 26, 2025, Attorney Bispels filed with this Court a petition to withdraw from representing Appellant. That same day, counsel also filed an *Anders* brief, stating that Appellant solely "wishes to challenge the discretionary aspects of his sentence[,]" and that this issue is frivolous because Appellant entered a valid, negotiated plea agreement for the sentence of 25 to 50 years' incarceration that the court imposed. *Anders* Brief at 11.

_____

lawful sentence issued by the court." 61 Pa.C.S. § 6137.2(a)-(b). Thus, although Appellant had filed a notice of appeal before the amended sentencing orders were issued, we conclude that the court had jurisdiction to correct the patent errors regarding the applicability of section 6137.2. *See* Pa.R.A.P. 1701(a) (directing that, once a notice of appeal has been filed, a trial court no longer has jurisdiction to proceed unless one of the six exceptions set forth in Pa.R.A.P. 1701(b) applies); Pa.R.A.P. 1701(b)(1) (stating that the trial court may take such action "to preserve the *status quo*" and to "correct formal errors in papers relating to the matter"). *See also Commonwealth v. Holmes*, 933 A.2d 57, 65 (Pa. 2007) (holding that the limits on a court's jurisdiction to modify orders, as set forth in 42 Pa.C.S. § 5505, do not impinge on a court's inherent authority to correct patent errors despite the absence of traditional jurisdiction); *id.* at 66 (holding that, where an error in a sentencing order was clear from the order itself and the docket sheet, the trial court's exercise of inherent power to correct the mistake was proper).

Attorney Bispels also concludes that Appellant has no other, non-frivolous issues he could pursue herein.

It is well-settled that

this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007)….

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that

counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Bispels' ***Anders*** brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claims, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Bispels also states in his petition to withdraw that he has supplied Appellant with a copy of his ***Anders*** brief. Additionally, he attached a letter directed to Appellant to his petition to withdraw, in which he informed Appellant of the rights enumerated in ***Nischan***. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's stated issue is frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

Appellant seeks to challenge the discretionary aspects of his sentence. We agree with counsel that raising this issue would be frivolous. First, as the Commonwealth points out, Appellant did not file a post-sentence motion raising any issue with his sentence before the trial court. ***See*** Commonwealth's Brief at 5. Thus, the Commonwealth argues, and we agree, that Appellant has waived any discretionary-aspects-of-sentencing claim for our review. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are

waived and cannot be raised for the first time on appeal."); ***Commonwealth v. Griffin***, 65 A.3d 932, 936 (Pa. Super. 2013) ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (citation omitted).

Second, even if not waived, the record confirms that Appellant entered a ***negotiated*** plea agreement for a sentence of 25 to 50 years' incarceration. It is well-settled that "the determination of whether discretionary aspects of sentencing may be challenged after a guilty plea is entered depends upon the actual terms of the plea bargain, specifically, to what degree a sentence agreement has been reached." ***Commonwealth v. Dalberto***, 648 A.2d 16, 18 (Pa. Super. 1994). If a plea agreement involves "a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence." ***Id.*** at 20 (citation, quotation marks, and emphasis omitted).

Instantly, the trial court explained that

> this was a negotiated plea that Appellant and the Commonwealth had agreed upon. Appellant completed the plea paperwork, as well as an oral colloquy before this [c]ourt, which provided this [c]ourt [with a] sufficient demonstration that Appellant was entering his plea knowingly, intelligently, and voluntarily. It was clear to this [c]ourt that Appellant understood the potential consequences he faced should he go to trial and be convicted on the charges set forth in the Information, as well as the rights that he was giving up in entering his plea. At no point did this court observe Appellant … waiver in his determination to enter his plea.

> Moreover, the sentences imposed, upon agreement of both Appellant and the Commonwealth, [were] within the standard range, and in consideration of the [pre-sentence investigation report], which this [c]ourt had the opportunity to review and consider in accepting Appellant's plea. Additionally, Appellant had been advised and understood that his entry of the plea had implications as to his immigration status and would likely result in deportation and removal from the United States.

Trial Court Statement in Lieu of Opinion and Order, 1/7/25, at 2-3.

The record supports the court's conclusion that Appellant fully understood he was entering a negotiated plea agreement for a designated sentence of 25 to 50 years' imprisonment. Thus, even had he not waived his sentencing claim, we would conclude that he cannot now challenge the discretionary aspects of his negotiated sentence.

Accordingly, we agree with Attorney Bispels that it would be frivolous to raise a discretionary-aspects-of-sentencing claim on appeal. Additionally, our review of the record reveals no other, non-frivolous issues that Appellant could assert herein. Thus, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/26/2025